UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK WIGHTMAN, DDS AND WIGHTMAN FAMILY DENTAL, LLC** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **JUDGE** |
| **LOUISIANA HEALTH SERVICES & INDEMNITY COMPANY D/B/A BLUE CROSS BLUE SHIELD OF LOUISIANA AND HMO LOUISIANA, INC.** | **MAGISTRATE JUDGE** |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE MIDDLE DISTRICT OF LOUISIANA:

Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana and HMO Louisiana, Inc. ("HMOLA") (collectively "BCBSLA") files this Notice of Removal and, to the extent required, reserves any and all rights, objections, defenses, and exceptions.

Title 28 U.S.C. § 1446 requires that a short and plain statement of the grounds for removal accompany any notice of removal. BCBSLA hereby invokes this Court's jurisdiction under the mass action provisions of the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d)(11). Under CAFA, federal district courts have original jurisdiction over certain class actions. As will be discussed below, Plaintiffs Mark Wightman, D.D.S. and Wightman Family Dental, L.L.C.s (collectively "Plaintiffs") filed a *Motion to Consolidate and Incorporated Memorandum in Support* (the "Motion to Consolidate") on July 18, 2023,[1] which was sent by e-

---

[1] The Motion to Consolidate indicates that Plaintiffs had "issued multiple requests to the other parties as to their position on this motion," but "only counsel for the Louisiana Dental Association, Inc." responded without objection. To undersigned counsel's knowledge, no requests were sent from Plaintiff to Defendants herein until the July 19, 2023 email memorializing the Motion to Consolidate being filed the preceding day. *See* Exhibit 1.

1

mail to counsel for BCBSLA on July 19, 2023[2] and served by sheriff upon BCBSLA's counsel on August 4, 2023.[3] In the Motion to Consolidate, Plaintiffs request that the above captioned matter, which is a pending plaintiff class action in the 19th Judicial District Court as civil docket number C-683820 in Section 25 (the "Plaintiff Class Proceeding"), Parish of East Baton Rouge, State of Louisiana,[4] be consolidated with a later-filed pending action:

| | |
|---|---|
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA AND HMO LOUISIANA, INC. | NUMBER 683969   SECTION 25 |
| | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF EAST BATON ROUGE |
| LOUISIANA DENTAL ASSOCIATION, INC., ET AL. | STATE OF LOUISIANA |

The later-filed action made the subject of the Motion to Consolidate is styled as a *Petition for Declaratory Judgment Against Defendant Class* (the "Defendant Class Dec Action"),[5] which is brought collectively by BCBSLA.

The removal is timely because it is filed within 30 days of the Motion to Consolidate being received by BCBSLA. This is the date from which it could first be ascertained that this case is removable under the mass actions provision. *See* 28 U.S.C. § 1446(b)(3), 28 U.S.C. § 1332(d)(11).

In support of this removal, BCBSLA avers as follows:

---

[2] *See* Exhibit 1 (serving Motion to Consolidate).
[3] *See* service return of rule nisi, attached hereto as Exhibit 2 (providing for service upon Defendants' counsel via sheriff).
[4] *See* Petition for Damages, Exhibit 3, and First Supplemental and Amending Petition for Damages, Exhibit 4.
[5] Petition in support of Defendant Class Dec Action, attached hereto as Exhibit 5.

### I. Parties in the Plaintiff Class Proceeding

1. Plaintiff Mark Wightman, DDS, is a person of the full age of majority and a resident of New Orleans, Louisiana. He is domiciled in the Parish of Orleans, State of Louisiana.

2. Plaintiff, Wightman Family Dental, LLC, is a Louisiana limited liability company domiciled in Orleans Parish, State of Louisiana and authorized to do and doing business in the State of Louisiana, with its primary office located in St. Bernard Parish, Louisiana.

3. Upon information and belief, Wightman Family Dental, LLC has a single member. The sole member of the LCC is Mark Wightman. Mark Wightman is a reside of New Orleans, Louisiana and domiciled in the Parish of Orleans, State of Louisiana

4. Plaintiffs bring their claim on behalf of a class of persons from January 1, 2008 to the present, identified as follows:

> All Louisiana dental health care providers under Louisiana Title 40 (including but not limited to La. R.S. 40:2202 and La. R.S. 40:1231.1) *currently and/or formerly residing* in the State of Louisiana during the relevant period:
>
> (1) Who had one or more arrangements for PPO's [as defined by La. R.S. 40:2202(5)(a) and (a)(i)] with Louisiana Health Service and Indemnity Company, Inc., d/b/a Blue Cross Blue Shield of Louisiana/ BCBSLA, and/or HMO Louisiana, Inc. who are Group Purchasers [as defined by La. R.S. 40:2202(3)(a) and (b)] to provide services to their members in exchange for contractual rates of payment ("contracted reimbursement rate") by Group Purchasers; and
>
> (2) Who were instead paid alternative rates for services rendered by Group Purchasers, in violation of La. R.S. 40:2203.1.[6]

5. Notably, Plaintiffs' proposed class includes individuals currently and/or formerly residing in the State of Louisiana, regardless of where they are domiciled.

---

[6] Exhibit 4, ¶ 9.

6. Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana is licensed as a domestic mutual insurer by the Louisiana Department of Insurance.

7. Defendant HMOLA is a subsidiary of Louisiana Health Service & Indemnity Company. HMOLA is a domestic business corporation domiciled in East Baton Rouge Parish, Louisiana and registered to do business in the State of Louisiana.

## II.  Procedural Background

### Relevant Pleadings

8. Plaintiffs filed their first petition on June 4, 2019 seeking damages and claiming they were health care providers under Louisiana Title 40, including but not limited to La. R.S. 40:2202 and La. R.S. 40:1231.1.[7]

9. BCBSLA filed the Defendant Class Dec Action on June 7, 2019 seeking clarification regarding the applicability of La. R.S. 40:2203.1.[8]

10. On July 24, 2019, Plaintiffs filed their Answer and Reconventional Demand in response to the Defendant Class Dec Action.[9]

11. On September 18, 2019, BCBSLA filed its Exception of *Lis Pendens* in the Defendant Class Dec Action, seeking to dismiss the (duplicative) reconventional demand.

12. On March 2, 2020, the parties appeared before the trial court and entered a stipulation granting Plaintiff's Motion for Leave to File First Supplemental and Amended Petition for Damages. The judgment was signed by the trial court on April 2, 2020.[10]

---

[7] Exhibit 3 (Plaintiffs' Petition).
[8] Exhibit 5 (Defendant Class Dec Action Petition).
[9] Exhibit 6 (Answer and Reconventional Demand).
[10] Exhibit 7 (Judgment).

13. On April 2, 2020, the trial court also signed an order granting BCBSLA's Exception of *Lis Pendens* and dismissing the Wightmans' and Wightman Family Dental's reconventional class demand in the Defendant Class Dec Action.[11]

14. Plaintiffs' First Supplemental and Amending Petition for Damages was subsequently filed and included the class allegations Plaintiffs had attempted to bring in reconvention, describing the proposed class as "exceed[ing] 1500 individuals."[12]

15. Plaintiffs' First Supplemental and Amending Petition for Damages arises not from a single focused event, but from multiple alleged actions and inactions of BCBSLA.[13]

16. The proponent of each moving class, *i.e.*, Plaintiffs in the Plaintiff Class Proceeding and BCBSLA in the Defendant Class Dec Action, has timely sought certification of the respective class actions. Those class certification motions are pending judicial review.

17. On July 19, 2023, undersigned counsel received Plaintiffs' Motion to Consolidate, which was filed on July 18, 2023.[14]

18. Based on Plaintiffs' Motion to Consolidate, BCBSLA seeks to remove the Plaintiff Class Proceeding and the Defendant Class Dec Action from state court.

**Underlying Dispute Regarding Statute**

19. The parties dispute whether La. R.S. 40:2203.1 applies to dental providers and, in particular, to a contract between BCBSLA and United Concordia Dental ("UCD").

20. Before this suit was filed, Defendant Louisiana Dental Association ("LDA") raised this issue by submitting a "cease and desist notice" on behalf of its members to BCBSLA.

---

[11] Exhibit 8 (Consent Judgment).
[12] Exhibit 4, § 11.
[13] *See e.g,* Exhibit 4, §§ 12(a)-(e) (listing issues), 21 (referencing one or more arrangements for PPOs), 22 (referencing "lesser rates using alternate PPO insurers rates").
[14] Exhibit 1; Exhibit 9 (Motion to Consolidate).

Additionally, Defendants Mark Wightman and Courtney Wightman ("the Wightmans") of Wightman Family Dental, LLC ("Wightman Family Dental"), raised complaints about BCBSLA's practices by filing a Complaint with the Louisiana Department of Insurance (the "DOI").[15]

21. The Wightmans and Wightman Family Dental have admitted the Defendant Class Dec Action is properly maintainable as a class action, and that the requirements of numerosity, commonality, adequacy of representation, typicality, and predominance are met.[16] The Wightmans and Wightman Family Dental further admit that a class action is the "superior procedural vehicle" for this matter and "will provide an efficient procedural mechanism for a determination of the common issues in this proceeding involving multiple parties, binding all interested parties and preventing re-litigation of the same issues in over one thousand separate suits."[17]

22. The LDA's members, the Wightmans, and Wightman Family Dental are dental providers who would be affected by a declaratory judgment clarifying the applicability of La. R.S. 40:2203.1, and thus "shall [have] be[en] made parties" because they "have or claim an[] interest which would be affected by the declaration."[18] The LDA is a named defendant and putative class representative in the Defendant Class Dec Action.

23. BCBSLA has filed for certification of the following defendant class (the "Defendant Class"):

> All dentists who provided services to BCBSLA and HMOLA members in Louisiana in the period from January 1, 2014 to the present who submitted (or will submit) a dental claim for payment to network partner UCD.

---

[15] Courtney Wightman has not joined Mark Wightman and Wightman Family Dental's Motion to Consolidate, which appears to have been an oversight. Regardless, the removal is viable under this procedural posture.
[16] *See* Answer filed by Wightmans and Wightman Family Dental in Defendant Class Dec Action, ¶¶ 76, 78, 86-89, 93, attached hereto as Exhibit 6.
[17] *See id.*, ¶ 91.
[18] La. C.C.P. art. 1880.

24. The proposed Defendant Class includes more than 1,000 dental providers who provided services to BCBSLA members or who continue to submit dental claims for payment to network partner UCD.

### III. Removal Based on Mass Action Provision of CAFA

25. "To determine whether the Court has jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal." *Addison v. La. Reg'l Landfill Co.*, 398 F.Supp.3d 4 (La. E.D. 8/9/19).

26. There is no anti-removal presumption for cases invoking CAFA.[19]

27. To be removed under CAFA, the "civil action"[20] must meet the requirements of 28 U.S.C. § 1332(d)(2)-(11). The case must:

    (1) satisfy CAFA's minimal diversity requirement;

    (2) have an amount in controversy exceeding $5,000,000;

    (3) involve claims of monetary relief of at least 100 persons that involve common questions of law and fact; and

    (4) at least one plaintiff must satisfy the individual amount in controversy requirement of $75,000.[21]

28. "When a party objects to the Court's jurisdiction under CAFA, that party 'must prove that the CAFA exceptions to federal jurisdiction divest[] the district court of subject matter jurisdiction.'" *Addison,* 398 F. Supp. 3d at *9.

29. The exceptions to the mass action provision are to "be interpreted strictly by federal court," which means "the Court should exercise its jurisdiction unless it is clear an exception applies." *Id.* at *13.

---

[19] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).
[20] The term "civil action" is important. "The U.S. Fifth Circuit has explained in a class action that while the term 'civil action in § 9 of CAFA may encompass a 'class action,' the terms are not synonymous." *Lester v. Exxon Mobil Corp.* 879 F.3d 582, 590 (5th Cir. 2018) (citing *Admiral Insurance Co.* v. *Abshire,* 574 F.3d 267 (5th Cir. 2009).
[21] *Addison v. La. Reg'l Landfill Co.,* 398 F. Supp. 3d 4, *10 (E.D. La. 2019).

30. CAFA's mass action removal does not include cases which are being consolidated or coordinated solely for pretrial proceedings. 28 U.S.C. § 1332(d)(11)(B)(ii)(V).

31. In *Lester v. Exxon Mobil Corp.*, the Fifth Circuit affirmed the denial of a motion to remand where the plaintiffs' underlying motion to consolidate cited a Louisiana law which "Louisiana case law seem[ed] to have interpreted … to *only* permit consolidation for trial, as opposed to pretrial, purposes." 879 F.3d 582 (5th Cir. 2018). That same provision, La. C.C.P. art. 1561, is cited by Plaintiffs in their Motion to Consolidate.[22]

32. The *Lester* Court made clear that "because the plain language of CAFA indicates that a mass action arises upon a *proposal* for joint trial," the language from Congress must be given effect.[23]

33. Removal is proper here because Plaintiffs' state court Motion to Consolidate satisfies CAFA's "mass action" requirement. In particular, the actions involve claims of more than 100 persons and the Plaintiffs have indisputably proposed the two cases be tried jointly. *See Lester*, 879 F.3d at 590 (stating the case became a "mass action" when the plaintiffs proposed the claims be tried jointly with claims in another case).

34. The Wightmans have specifically proposed a joint trial: "The Wightmans maintain that common questions of law and fact predominate, no prejudice, undue advantage, or danger of an **unfair trial** will result from consolidation of these actions in the **same trial** will promote judicial efficiency and prevent possible issues of *lis pendens* and *res judicata*."[24]

35. Under CAFA, it is the mass "action," not claims against particular defendants, that is removable.

---

[22] *Compare Lester*, 879 F.3d 582, 587 *with* Motion to Consolidate, pp. 1-2.
[23] *Lester*, 879 F.3d 582, 587 (emphasis in original).
[24] Exhibit 9, Motion to Consolidate, p. 1 (emphasis supplied).

36. Removal under CAFA is broadly inclusive. It is of no moment that Mark Wightman is a plaintiff in one suit and a defendant in another, as the plain language of CAFA is met here. *See*, generally, *Lester*, 879 F.3d 582.

37. The Fifth Circuit in *Lester* noted the "quandary in which Plaintiffs find themselves" because it was a "condition of their own making . . . Plaintiffs claim they moved for state court consolidation for the very reasons animating Rule 42(a), and the district court did not err in consolidating the cases after removal." 879 F.3d at 592.

38. Should Plaintiffs seek remand based on one of CAFA's exceptions to federal jurisdiction, "the burden is on the Plaintiffs toe stablish by a preponderance of the evidence that such an exception applies."[25]

**Removal is Timely**

39. CAFA removal is appropriate when filed within 30 days after receipt of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. The Motion to Consolidate was first received on July 19, 2023.

**Minimal Diversity Exists Under 28 U.S.C. § 1332(d)(2)**

40. The constraints for diversity are not as stringent under CAFA. Here, the face of Plaintiffs' pleading evidences an intent to seek relief for those who reside or have resided in Louisiana, not only for those who are domiciled in Louisiana.

41. In the Defendant Class Dec Action, BCBSLA referenced five "exclusively out-of-state providers" who had not received payment for underpaid service line codes.[26] Approximately

---

[25] *Addison,* 398 F. Supp. 3d at *12.
[26] Exhibit 5, Defendant Class Dec Action Petition, ¶ 52.

9

70 dental providers could not be located either because they were no longer in UCD's networks, had moved or closed offices, or were deceased.[27]

42. Among the 1,008 dental providers to whom BCBSLA issued checks on February 8, 2019,[28] 1 was located in Arkansas, 19 were located in Alabama, 5 were located in Arkansas, 1 was located in Arizona, 3 were located in California, 7 were located in Colorado, 14 were located in Florida, 8 were located in Florida, 1 was located in Indiana, 1 was located in Massachusetts, 1 was located in Minnesota, 14 were located in Mississippi, 1 was located in Nebraska, 3 were located in New York, 4 were located in Ohio, 2 were located in Oklahoma, 2 were located in Pennsylvania, 1 was located in Tennessee, 37 were located in Texas, 7 were located in Utah, 1 was located in Virginia, and 1 was located in Washington.[29]

43. Minimal diversity requires only that *any* member of a class of plaintiffs be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

44. Plaintiffs' class contemplates inclusion of "Louisiana dental health care providers . . . currently and/or formerly residing in the State of Louisiana during the relevant period[,]"[30] and thus seems to expressly envision providers residing out of state who may also be domiciled out of state. *See supra* ¶¶ 41-42.

45. In the event the Court is uncertain, it is permitted to order defendants to produce additional evidence regarding the citizenship of the putative class. *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 463 F. Supp. 2d 583, 592-93 (E.D. La. 2006); *see also Anderson v. Dean*, 2022 WL 815253, 2022 U.S. Dist. LEXIS 47444 (E.D. La. 2022) (permitting two months of

---

[27] Exhibit 5, Defendant Class Dec Action Petition, ¶ 49.
[28] *Id.*, ¶ 48.
[29] BCBSLA is happy to submit an affidavit regarding the addresses at that time, while acknowledging it is the status at the time of removal, *i.e.* now, that governs. Given the limited time to file this mass action removal, those current addresses are not available at this time. However, based on the information offered and the representation in the Defendant Class Dec Action that there were exclusively out-of-state providers, minimum diversity is facially apparent.
[30] Exhibit 4, ¶ 9.

10

jurisdictional discovery before magistrate). BCBSLA respectfully requests, to the extent needed, it be permitted limited discovery on the diversity issue. Otherwise BCBSLA will potentially lose the ability to remove the case. "The court may rely on the facts alleged in the complaint or request further evidence from either party when determining if a plaintiff has established the applicability of a CAFA jurisdiction exception."[31]

### The Amount in Controversy Exceeds $5 Million

46. Plaintiffs seek "repayment of all underpayments, fair market value for all services performed and renders, for mental anguish, emotional distress, worry and concern caused by wrongful reimbursement practices, loss of profits or use, out-of-pocket expenses, as well as all other damages allowed by law, along with attorney's fees, costs, and expenses allowed by law."[32]

47. Plaintiffs allege that the measure of damages is not "solely reimbursement of the underpayment" of $300,000, but also that for each claim (for each of at least 1,500 plaintiff class members), if culpable, BCBSLA must pay the greater of (1) twice the fair market value of the services rendered; (2) $2,000.00; or (3) $50 per day, plus attorney fees.[33] Plaintiffs assert the "amount of penalty per claim for each year of non-compliance is $18,250," plus attorney fees[34]

48. Based on the several years' worth of allegations across over 1500 persons at $18,250 each, the $5 million threshold under CAFA is facially well exceeded.

### Monetary Relief of at Least 100 Persons Involving Common Questions

49. Plaintiffs assert that the "allegations in the two lawsuits are similar and the issues to be determined overlap or, in some cases, are identical."[35]

---

[31] *Racca v. EFG Gen. Partner Corp.* 2023 WL 3938861, 2023 U.S. Dist. LEXIS 100875 (E.D. Tex. 2023).
[32] *See e.g,* Exhibit 4, §§ 37-39.
[33] Plaintiffs' Memorandum in Support of Motion to Certify Class, attached as Exhibit 10, p. 5.
[34] *Id.*
[35] Exhibit 9, Motion to Consolidate, p. 2.

50. Plaintiffs explain that "[b]ut for the [LDA], the parties are also the same."[36]

51. In *Lester*, the Fifth Circuit also found notable that the plaintiffs in each of the cases to be consolidated (*Bottley* and *Lester*) were represented by the same counsel.[37] Such is the case here with the same counsel representing the Wightmans in their capacity as a putative plaintiff class representative and as a putative defendant class representative.[38]

52. As noted *supra*, Plaintiffs claim there are in excess of 1,500 plaintiffs, fifteen times the required minimum.

**Mark Wightman's Claim Satisfies the Individual Amount in Controversy**

53. Further, based on the allegations of Mark Wightman alone, he is due several years of damages at the rate of $18,250, plus attorney fees, which also exceeds the $75,000 threshold.[39]

**IV.    Venue and Procedure**

54. The 19th Judicial District Court is located in East Baton Rouge Parish within the territorial limits of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(a). Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

55. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on all parties and will be filed with the Clerk of Court for the 19th Judicial District Court.[40]

---

[36] *Id.*
[37] *Lester*, 879 F.3d 852. The Fifth Circuit noted it "need not resolve whether a plaintiff represented by separate counsel can unilaterally trigger CAFA by filing an opposed motion to consolidate a standalone case with a preexisting suit, because here the same lawyers represented the plaintiffs in both *Lester* and *Bottley*. *Id.* at 589.
[38] Similarly, in *Addison*, the same counsel was enrolled for each party in each of the proceedings to be joined as a mass action. 398 F. Supp. 3d at *8.
[39] *See Addison,* 398 F. Supp. at *11 (determining aggregate amount in controversy and alleged damages for single plaintiff in excess of $75,000 was exceeded based on facial allegations of petition).
[40] The documents attached hereto, however, chiefly contain the copies of all process, pleadings, and orders served upon BCBSLA in the Plaintiff Class Proceeding per Section 1446(d). Upon granting of this removal and subsequent transfer and consolidation, the Defendant Class Dec Action documents will be supplemented.

12

56. BCBSLA expressly reserves any and all rights with respect to this proceeding, including, but not limited to, all objections, defenses, and exceptions.

WHEREFORE, BCBSLA prays that this Notice of Removal be deemed good and sufficient, and that the Plaintiff Class Proceeding, case number 683820, and the Defendant Class Dec Action, case number 683969, be removed from the 19th Judicial District Court in East Baton Rouge Parish to this Honorable Court.

Dated: August 18, 2023

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  */s/ Dennis Blunt*
Shelton Dennis Blunt, Bar Roll No. 21230
Monica M. Vela-Vick, Bar Roll No. 34803
Brittany Alexander, Bar Roll No. 37166
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone:    (225) 346-0285
Facsimile:    (225) 381-9197
Email: dennis.blunt@phelps.com
Email: monica.vela-vick@phelps.com
Email: brittany.alexander@phelps.com

**LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA AND HMO LOUISIANA, INC.**

AND

Richard A. Sherburne, Jr., Bar Roll No. 02106
Douglas M. Chapoton, Bar Roll No. 25616
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone:    (225) 298-1666
Facsimile:    (225) 297-2760
Email: richard.sherburne@bcbsla.com
Email: douglas.chapoton@bcbsla.com

**ATTORNEYS FOR LOUISIANA HEALTH
SERVICES & INDEMNITY COMPANY D/B/A
BLUE CROSS AND BLUE SHIELD OF LOUISIANA
AND HMO LOUISIANA, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has this date been mailed via email to the following known counsel of record in both suits to be removed, the Plaintiff Class Proceeding and the Defendant Class Dec Action:

Kristin M. Lausten
The Lausten Group
klausten@thelaustengroup.com

Larry Roedel
Roedel Parsons Koch, et al
lroedel@roedelparsons.com

_/s/ Dennis Blunt_